Chambers of
Douglas R. Miller
United States Magistrate Judge

101 West Lombard Street
Baltimore, Maryland 21201
MDD_DRMChambers@mdd.uscourts.gov
(410) 962-7770



October 7, 2025

To:     Counsel of Record

Re:     *Campbell v. Rithm Capital Corp., et al.*
        Civil No. 1:25-cv-01207-MJM
        <u>Settlement Conference Order</u>

Dear Counsel:

     Based on our communications, a settlement conference is scheduled for Thursday, May 7, 2026, at 10:00 a.m. The settlement conference is scheduled to last the entire day if necessary, so participants should plan accordingly.

     We will proceed remotely by video teleconference via Zoom for Government. If all necessary participants agree instead to appear in person, that request should be submitted by joint letter to my chambers <u>within one week of the date of this letter</u>.

     **Please review this letter carefully, as it is an Order of the Court that establishes certain prerequisites that must be fulfilled prior to the commencement of the settlement conference.** Any request for a modification of the terms of this Order, including rescheduling requests, should be emailed to my chambers at MDD_DRMChambers@mdd.uscourts.gov.

## SETTLEMENT CONFERENCE PROTOCOL

     ***Settlement Authority.*** It is essential that the parties—or in the case of an entity, a representative of the party with complete authority to enter into a binding settlement—be present for the settlement conference. Attendance by the attorney for a party is not sufficient. A person with "complete authority" is someone who has the experience and judgment to exercise that authority without having to consult with anyone who is not present.[1]

---

[1] This requirement will be waived only upon a showing of exceptional circumstances. Any request for such a waiver should be made by letter emailed to my chambers <u>at least two weeks before the scheduled settlement conference</u>, or immediately upon learning of the extenuating circumstances. Please note that non-parties (other than counsel) should not attend the settlement conference absent prior approval from opposing counsel and the Court.

***Privacy and Confidentiality.*** All attendees, and everyone who participates in this settlement conference in any manner, agree that all communications related to the mediation and all negotiations and settlement discussions are private and confidential. *See* 28 U.S.C. § 652(d); Local Rule 607.4. There is an absolute prohibition on audio or video streaming or recording any mediation or portion thereof.

In the unlikely event that you are placed into what is meant to be a private and confidential space such as a virtual "breakout room" and find that you nonetheless can hear or otherwise have access to the confidential conversations or information of others, you should immediately take corrective steps and report the issue to me.

***Exchange of Settlement Demand and Response:*** Settlement conferences are often more productive if the parties have previously exchanged demands and offers and have made a good faith effort to settle the case on their own. Therefore, Plaintiff shall submit a written itemization of damages and a settlement demand to Defendant no later than one month prior to the settlement conference. Defendant shall submit a written offer to Plaintiff, including any alternative itemization of damages, within one week of receiving the demand. Thereafter, the parties should continue to engage in negotiations.

The correspondence between the parties shall be included with the *ex parte* letters submitted to the Court. **Failure to comply with this requirement may result in postponement of the settlement conference.**

***Ex Parte Letters:*** No later than two weeks before the scheduled conference, each party should email to my chambers (MDD_DRMChambers@mdd.uscourts.gov) a short *ex parte* letter—not to exceed five (5) pages—candidly discussing the following topics:

1. Facts you believe you can prove at trial.

2. The major weaknesses of each side's case, both factual and legal.

3. The title and docket number of any pending dispositive or other motions that you believe would have a significant effect on settlement, and an explanation of why you believe they are relevant to settlement. Please include a copy of the motion(s) and highlight and tab the relevant portions.

4. An evaluation of the maximum and minimum damage awards you believe likely.

5. The history of any settlement negotiations to date.

6. An estimate of attorneys' fees and costs of litigation incurred to date, and likely to be incurred through trial.

7. The names, titles, and email addresses of the settlement conference attendees.

If you wish for me to review any deposition excerpts or exhibits, please attach a hard copy to your letter, highlighting the portions you wish for me to review. In addition, if you wish for me to review any case authorities that you believe are critical to your evaluation of the case, please identify them.

If the total number of pages of your submission (including the *ex parte* letter and attachments) exceeds 25 pages, a hard copy of the submission should be mailed to my chambers or hand delivered to the Clerk of Court.

***Documenting Lack of Financial Resources:*** If your client will take the position that a lack of financial resources affects your client's ability to pay a judgment or settlement, you must provide a summary of your client's finances, including cash on hand, ownership interests in properties, business, and other assets, the amount of any relevant mortgage or liens, and recent income tax information. Supporting documentation should be provided to opposing counsel prior to the settlement conference or, if your client is unwilling to provide the documentation to opposing counsel, the documentation should be attached to the *ex parte* letter for my review.

***Prior Discussion of Consent to Disclose Settlement Authority or Advice:*** Formal Opinion 93-370 of the American Bar Association Standing Committee on Ethics and Professional Responsibility precludes a lawyer, *absent informed client consent*, from revealing to a judge the limits of the lawyer's settlement authority or the lawyer's advice to the client regarding settlement. However, the opinion does not preclude a judge, in seeking to facilitate a settlement, from inquiring into those matters. Therefore, please discuss this issue with your client before appearing for the settlement conference. (Your client is *not* required to give such consent in order to participate in mediation, but doing so may facilitate the settlement process.)

If counsel believes that a joint or *ex parte* telephone conference prior to the settlement conference would make the mediation more productive, please email my chambers to make arrangements.

Despite the informal nature of this letter, it will constitute an Order of the Court and will be docketed accordingly.

I look forward to seeing you on Thursday, May 7, 2026.

Sincerely,

/s/
Douglas R. Miller
United States Magistrate Judge